UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MIKELL CALVERT                                    CIVIL ACTION

VERSUS                                            NO: 11-288

ROBERT HENDERSON                                  SECTION: J(4)


## ORDER

This matter is before the Court on pro se Petitioner Mikell
Calvert's **Motion for Relief from Judgment (Rec. Doc. 24)**.


## PROCEDURAL HISTORY AND BACKGROUND FACTS

Petitioner is a convicted inmate currently incarcerated in
the C. Paul Phelps Correctional Center in DeQuincy, Louisiana.
He is currently serving a ten-year prison sentence without the
benefit of parole, probation, or suspension of sentence as a
result of his convictions for sexual battery, simple assault, and
attempted sexual battery.

On February 14, 2011, Petitioner filed a petition for writ
of habeas corpus in this Court. Petitioner's federal habeas
corpus petition raised three grounds for relief: (1) that the
prosecutor made an impermissible reference to Petitioner's
failure to make a statement to the police; (2) ineffective
assistance of counsel (with twenty-six supporting arguments); and
(3) insufficiency of the evidence.

On July 28, 2011, the United States Magistrate Judge issued

her Report and Recommendation.  <u>See</u> Rec. Doc. 15.  The Magistrate

Judge found that Petitioner had failed to exhaust state-court

remedies for each of the twenty-six arguments in support of the

ineffective assistance of counsel claim because those arguments

had not been "fairly presented" to the Louisiana Supreme Court.

The Magistrate's Report and Recommendation also noted, however,

that Petitioner did exhaust state-court remedies for the other

two grounds for relief.  Accordingly, the Magistrate Judge

recommended that Petitioner's habeas corpus petition be dismissed

without prejudice in order to allow him to exhaust his

unexhausted claims at the state level, unless Petitioner elected

to dismiss all of the unexhausted arguments in his petition.

On August 12, 2011, the Court adopted the United States

Magistrate Judge's Report and Recommendation, thereby dismissing

Petitioner's habeas petition without prejudice.  <u>See</u> Rec. Doc.

16.  The Court also denied Plaintiff's request for a certificate

of appealability and entered judgment on the same day.  <u>See</u> Rec.

Doc. 17.

Shortly thereafter, Petitioner sought to amend his habeas

corpus petition in order to dismiss twenty of his twenty-six

arguments in support of his unexhausted claim of ineffective

assistance of counsel so that his two other exhausted claims for

relief can be reviewed on the merits.  <u>See</u> Rec. Doc. 19.  The

Court noted, however, that Petitioner's proposed amendments would

still leave six arguments that had not been presented to the Louisiana Supreme Court. See Rec. Doc. 20. Accordingly, because the Court was still unable to review his other exhausted claims on the merits, it denied the motion.

Petitioner then sought a certificate of appealability from the Fifth Circuit, which was denied on February 2, 2012. See Rec. Doc. 23. Petitioner filed the instant motion on March 15, 2012, seeking relief from this Court's previous judgment dismissing his habeas corpus petition without prejudice for failure to exhaust his state-court remedies.

## LAW AND DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides the limited circumstances under which a litigant may seek relief from a final judgment. The Rule provides that a district court may grant a party relief from a final judgment for any of the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FED.

R. CIV. P. 60(b).

Here, Petitioner appears to contend that he is entitled to
relief under Rule 60(b)(1), on the basis of certain "mistakes"
the Court made in dismissing his habeas petition. A "mistake"
under Rule 60(b)(1) can include judicial errors, but the alleged
error "must involve a fundamental misconception of the law," and
not simply an erroneous ruling. See In re Grimland, Inc., 243
F.3d 228, 233 (5th Cir. 2001)(citing Hill v. McDermott, 827 F.2d
1040, 1043 (5th Cir. 1987), cert. denied, 484 U.S. 1075 (1988)).

Petitioner first argues that both the Magistrate Judge and
the Court erred when it dismissed his habeas petition for failure
to exhaust "any" of the arguments supporting his ineffective
assistance of counsel claim. He contends that the record shows
that he did exhaust his state-court remedies with respect to one
of those arguments, the failure to conduct a diligent
investigation. However, the Court finds no "fundamental
misconception of the law" with respect to the Magistrate's Report
and Recommendation or this Court's order approving it. Indeed,
in her Report and Recommendation, the Magistrate Judge
specifically acknowledged that Petitioner had, in fact, exhausted
his state-court remedies with respect to his argument that his
counsel had failed to conduct a diligent investigation.
Nonetheless, she found that Petitioner had failed to raise this
argument in his federal habeas petition, leaving each of the

arguments raised in support of his ineffective assistance of counsel claim unexhausted.

Furthermore, even assuming that he *did* raise this argument in his federal habeas petition, this would not entitle Petitioner to the relief he seeks. As the Magistrate Judge previously explained, in order to satisfy the exhaustion requirement, a habeas petitioner must have "fairly presented" the substance of the federal habeas claim to the highest state court. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). In order to satisfy the "fairly presented" requirement, the claims raised in the federal petition must be the "substantial equivalent" of those presented to the state courts. Id. "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id.; see also Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010)("Thus, in order to exhaust state remedies, a petitioner must fairly present *every issue* raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.")(emphasis added).

Based on the foregoing principles, the Magistrate Judge found, and this Court agreed, that Petitioner's exhausted claims could not be reviewed on the merits as long as he maintained the various other arguments as to which his state-court remedies remained unexhausted. Because Petitioner failed to amend his

petition to dismiss each of the claims that had not been "fairly presented" to the state courts, the Court found that his habeas petition should be dismissed without prejudice for failure to exhaust state-court remedies.

Here, accepting that Petitioner fairly presented his failure to conduct a diligent investigation claim to the Louisiana Supreme Court, and further assuming *arguendo* that he properly raised this argument in his federal habeas petition, the result would be no different, because his ineffective assistance of counsel claim would still be supported by at least five other unexhausted arguments. Accordingly, because Petitioner has not shown a "fundamental misconception of the law," as required by Rule 60(b)(1), he is not entitled to relief on this basis.

The second "mistake" Petitioner identifies is the Court's failure "to inform him of the exceptions to the exhaustion requirement, as set forth in Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)." However, the Supreme Court has held that a district judge has "no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Sanford v. Figueroa, 306 F. App'x 432, 434 (10th Cir. 2009)(noting that district court had no duty to warn habeas petitioner of consequences of its order dismissing his habeas petition without prejudice for failure to exhaust state-court remedies). Accordingly, there is no error with

6

respect to the Court's purported failure to advise Petitioner of this authority, and he is therefore not entitled to relief on this basis, either. Because Petitioner raises no other issues in support of his motion, the Court finds that his motion should be denied.[1]

## CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's **Motion for Relief from Judgment (Rec. Doc. 24)** is **DENIED**.

New Orleans, Louisiana, this 27th day of March, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT

---

[1] To the extent that Petitioner now seeks to amend his petition under Rule 15 to dismiss his unexhausted claims, that request is denied.